# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 6378 | DATE | November 16, 2007 |
| CASE TITLE | Richard J. Gacho, Sr. (2005-0056206) v. Supt. Andrews, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes Cook County Jail officials to deduct $33.33 from plaintiff's account. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. The clerk shall issue summonses and attach a Magistrate Judge Consent Form to the summons for each defendant, and send plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $33.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

The United States Marshals Service is appointed to serve defendants. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former jail employee who can no longer be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.).

After considering these factors, the court concludes that appointment of counsel is not warranted. Although plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, plaintiff's pleadings before this court demonstrate his competence to proceed with the case. *See Pruitt v. Mote*, __ F.3d __, 2007 WL 2850448, *6-8 (7th Cir. Oct. 3, 2007). In addition, the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice.